UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nakerrick Mosby,                                            Civil No. 14-5007 (PAM/FLN)

                 Petitioner,

v.                                                    **REPORT AND RECOMMENDATION**

Michelle Smith, Warden,

                 Respondent.

___

Nakerrick Mosby, *pro se*, for Petitioner.
Elizabeth Roosevelt Johnston, Matthew Frank, and James Early for Respondent.

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on Respondent Michelle Smith's motion to dismiss Petitioner Nakerrick Mosby's petition for a writ of habeas corpus (ECF No. 13). This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and LR 72.1. For the reasons set forth below, the Court recommends that Respondent's motion be **GRANTED** and the petition be **DISMISSED WITHOUT PREJUDICE**.

**I. FINDINGS OF FACT**

Petitioner Nakerrick Mosby was convicted of attempted first-degree premeditated murder in violation of Minn. Stat. §§ 609.17, .185(a)(1), attempted first-degree murder committed during a drive-by shooting in violation of Minn. Stat. §§ 609.17, .185(a)(3), attempted second-degree intentional murder in violation of Minn. Stat. §§ 609.17, .19, subdiv. 1(1), and first-degree assault in violation of Minn. Stat. § 609.221, subidv. 1. Petitioner was sentenced to a 220-month prison term.

Petitioner appealed his convictions to the Minnesota Court of Appeals, arguing that (1) the

trial court erred when it admitted a 911 recording into evidence; (2) the prosecution failed to prove premeditation; (3) the trial court erred by closing the courtroom to the public prior to jury instructions; (4) there was no evidence that he committed a drive-by shooting; and (5) he could not be convicted of attempting a reckless crime. *See generally* Resp. App'x, ECF No. 15 [hereinafter Appellant's Br.]; *see also State v. Mosby*, No. A12-988, 2013 WL 2923486, at *1 (Minn. Ct. App. June 17, 2013). The Minnesota Court of Appeals vacated Petitioner's conviction for attempted first-degree murder during a drive-by shooting, holding that the evidence introduced at trial was insufficient to sustain that conviction. *Mosby*, 2013 WL 2923486, at *8. The court did, however, affirm Petitioner's remaining convictions, including the conviction for attempted first-degree premeditated murder. *Id.* The Minnesota Supreme Court denied review on September 17, 2013.

Petitioner now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petition, ECF No. 1. In his petition, Petitioner purports to raise three of the five claims he raised to the Minnesota Court of Appeals; namely, that (1) the prosecutor failed to prove premeditation; (2) the trial court erred by closing the courtroom to the public prior to jury instructions; and (3) the trial court erred in admitting a 911 recording at trial. *Id.* at 2–4. Respondent has moved to dismiss the petition, arguing that the petition is a mixed petition that contains both exhausted and unexhausted claims and must therefore be dismissed pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982). *See* Mem. in Supp. of Mot. to Dismiss 3, ECF No. 14. Petitioner did not file a response to Respondent's motion.

## II. CONCLUSIONS OF LAW

The Antiterrorism and Effective Death Penalty Act ("AEDPA") prescribes the standards that govern review of Petitioner's habeas corpus claims. The relevant portion of the AEDPA, 28 U.S.C. § 2254(d), provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A federal court cannot consider the merits of a habeas corpus petition unless the petitioner can demonstrate exhaustion of all of the available state court remedies. 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Exhaustion of state remedies is required to ensure that the state courts have the initial opportunity to review and adjudicate a petitioner's federal constitutional claims. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In order to give the state courts the opportunity to resolve any constitutional issues, a prisoner must proceed through one full round of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Under circumstances in which a state has a two-tiered appellate review system, comity requires that review be requested at both appellate levels before the claims may be presented in federal court. *Id.* at 844. Failure to seek review of claims at all appellate levels of the state court system represents non-exhaustion of those claims. A claim is considered to be exhausted when the highest state court has been permitted a fair opportunity to rule on the factual and theoretical substance of the claim. *Krimmel v. Hopkins*, 56 F.3d 873, 876 (8th Cir. 1995). In other words, a prisoner cannot raise federal constitutional claims for the first time on a petition for federal habeas corpus relief.

As stated above, Petitioner claims in his habeas petition that he was denied due process under the Fourteenth Amendment because (1) the prosecutor failed to prove premeditation beyond a

reasonable doubt; (2) the trial court erred by locking the courtroom prior to jury instructions; and (3) the trial court incorrectly allowed the admission of a 911 recording at trial. *See* ECF No. 1 at 2–4. While these claims appear on their face to be identical to the claims raised in the Minnesota appellate courts, a thorough review of the petition reveals that the substance of Petitioner's premeditation claim presents a different issue than what was argued before the state appellate courts.

In appealing his conviction to the Minnesota Court of Appeals, Petitioner argued that his "conviction for attempted first-degree premeditated intentional murder must be reversed because the prosecution's evidence—which was entirely circumstantial—failed to prove premeditation beyond a reasonable doubt." Appellant's Br. 20. His entire argument to the Minnesota Court of Appeals on this issue was premised on his belief that the evidence adduced at trial failed to prove premeditation. Indeed, Petitioner framed the issue for the court of appeals as follows: "Should Appellant's conviction for attempted first-degree intentional murder be vacated where the evidence presented at trial failed to prove the element of premeditation beyond a reasonable doubt?" *Id.* at 4. It is clear, therefore, that the issue raised in the state appellate courts was whether the evidence at trial could support a finding, beyond a reasonable doubt, that Petitioner premeditated the shooting.

In the present petition, Petitioner purports to base one ground for habeas relief on this issue of premeditation. Indeed, the petition states that Petitioner was denied due process "when the prosecutor failed to prove premeditation beyond a reasonable doubt." ECF No. 1 at 2–3. However, it is apparent from Petitioner's submissions to the Court that this ground for relief is not based on the issue of premeditation, but rather on Petitioner's belief that there was insufficient identification evidence presented at trial to prove that he was the person who in fact shot the victim. For example,

4

Petitioner states in his habeas brief that "[t]he State's [sic] has failed to prove beyond a reasonable doubt that the petitioner is the one who committed the act of premeditated attempted murder, there is no evidence that point [sic] to the petitioner." Mem. in Supp. of Petition 5, ECF No. 3. He further requested that the Court review the trial evidence because "[t]here is nothing . . . that prove [sic] that the petitioner was at the scene of the crime." *Id.* at 6. According to Petitioner, the evidence introduced at trial instead showed that a man, A.C., was the person who actually attempted the killing. *See id.* at 7 ("This evidence clearly show [sic] that the petitioner did not commit premeditated attempted murder in the first-degree, this evidence point [sic] to [A.C.] committed [sic] premeditated attempted first-degree murder.").

It is evident that although the petition claims to challenge whether the prosecution proved premeditation beyond a reasonable doubt, Petitioner's primary argument is that the State failed to prove that Petitioner was in fact the person who attempted the killing. This conclusion is undeniably supported by Petitioner's memorandum, wherein Petitioner alleges, in bold letters, that "[t]he court of appeals improperly rule [sic] upon the petitioner case [sic] without any facts that the petitioner was the one who committed this crime, it had to identify the petitioner as the one who did the shooting of [the victim]." ECF No. 3 at 10. The issue of identification is separate from the issue of premeditation, and Petitioner never raised the subject of improper identification in the state court proceedings. *See generally* Appellant's Br. Accordingly, the Court concludes that the petition contains both exhausted and unexhausted claims. In *Rose v. Lundy*, 455 U.S. 509 (1982), the Supreme Court adopted a rule requiring courts to dismiss mixed petitions that contain both exhausted and unexhausted claims. A petitioner may return to state court to exhaust his claims or file an amended petition in federal court including only exhausted claims. In any event, Petitioner's

5

mixed petition must be dismissed.

## IV. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

A. Respondent's motion to dismiss (ECF No. 13) be **GRANTED**;

B. Petitioner's petition for habeas corpus relief under 28 U.S.C. § 2254 (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**.


DATED: July 16, 2015　　　　　　　　　　　*s/Franklin L. Noel*
　　　　　　　　　　　　　　　　　　　　　FRANKLIN L. NOEL
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 31, 2015**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.