UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nakerrick Mosby,  Case No. 14-cv-5007 (PAM/FLN)

        Petitioner,

v.  **MEMORANDUM AND ORDER**

Michelle Smith, Warden,

        Respondent.

_____

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Franklin Noel dated July 16, 2015. In the R&R, Magistrate Judge Noel recommends that the Court dismiss Nakerrick Mosby's Petition for a Writ of Habeas Corpus without prejudice because the Petition contains a mix of exhausted and unexhausted claims. Mosby has filed an objection to the R&R. According to statute, the Court must conduct a de novo review of any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that review, the Court overrules Mosby's objection and adopts the R&R.

**BACKGROUND**

Following a jury trial, Mosby was convicted in Minnesota state court of attempted first-degree premeditated murder, attempted first-degree murder committed during a drive-by shooting, attempted second-degree intentional murder, and first-degree assault. He appealed his convictions on five grounds, including that the prosecution failed to prove premeditation. The Minnesota Court of Appeals vacated the drive-by shooting

conviction but affirmed the remaining convictions. The Minnesota Supreme Court declined review.

Mosby then petitioned for habeas relief under 28 U.S.C. § 2254. The Petition purportedly attacks his convictions on three grounds, again asserting that there was insufficient evidence of premeditation. Respondent moved to dismiss the Petition under Rose v. Lundy, 455 U.S. 509 (1982), because it is a mixed petition that contains both exhausted and unexhausted claims. Concluding that the Petition also contends that the prosecution failed to prove identification—a claim that Mosby did not raise on direct appeal—Magistrate Judge Noel recommended granting the Motion and dismissing the Petition without prejudice. Mosby now objects to that recommendation.

**DISCUSSION**

A federal court must dismiss a state prisoner's habeas petition if the prisoner did not exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1)(A). To meet the exhaustion requirement, the prisoner must "first fairly present his claims" through a full round of the state's appellate review process. Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995). A claim has not been fairly presented to the state courts "unless the same factual grounds and legal theories asserted in the prisoner's federal habeas petition have been properly raised in the prisoner's state court proceedings." Id. Further, a federal court must dismiss a "mixed" habeas petition that contains both exhausted and unexhausted claims. Rose, 455 U.S. at 522 ("[B]ecause a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief . . . a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").

Mosby disputes Magistrate Judge Noel's conclusion that his Petition contains an unexhausted claim, namely that he should not have been convicted of attempted first-degree premeditated murder because there was insufficient evidence identifying him as the shooter. Mosby argues that he contested this conviction before the Minnesota Court of Appeals and the Minnesota Supreme Court. But as Magistrate Judge Noel pointed out, Mosby's state-court challenge to the conviction on direct appeal was based on a different legal theory than his federal-court challenge to the conviction in the Petition. On direct appeal, Mosby sought to reverse the conviction based on the lack of premeditation evidence. See, e.g., App. Br. 20 (arguing that his "conviction for attempted first-degree premeditated intentional murder must be reversed because the prosecution's evidence . . . failed to prove premeditation beyond a reasonable doubt"). In the Petition, he seeks to reverse the conviction based on the lack of identification evidence. See, e.g., Petition (Docket No. 3) 5 (arguing that the prosecution "failed to prove beyond a reasonable doubt that the petitioner is the one who committed the act of premeditated attempted murder, there is no evidence that point to the petitioner"). He has not exhausted this particular claim in state court. As a result, the Petition contains exhausted and unexhausted claims and the Court must dismiss it under Rose. Mosby may either return to state court to exhaust the claim or refile the Petition with only exhausted claims.

Mosby has also filed a Motion to Appoint Counsel. The Court, however, will deny the Motion. Pro se litigants have no constitutional or statutory right to counsel in habeas proceedings. McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997). And after thoroughly reviewing the record and the Petition, the Court does not find that this case

presents complex factual or legal issues or that Mosby lacks the ability to articulate the issues, which would otherwise warrant the appointment of counsel.

**CONCLUSION**

Mosby's Petition contains both exhausted and unexhausted claims. Accordingly, **IT IS HEREBY ORDERED** that:

1. The R&R (Docket No. 19) is **ADOPTED**;

2. Respondent's Motion to Dismiss (Docket No. 13) is **GRANTED**;

3. Mosby's Petition for a Writ of Habeas Corpus (Docket No. 1) is **DISMISSED** without prejudice; and

4. Mosby's Motion to Appoint Counsel (Docket No. 20) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: August 10, 2015

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge